**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

**PRIORITY SEND**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 12-00222-JFW (VBKx)**                                         Date:  February 13, 2012

Title:   Sprint Nextel Corporation, et al. -v- EZCom, Inc., et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| S. Eagle | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                                            None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [filed 1/30/2012; Docket No. 17]

    On January 30, 2012, Plaintiffs Sprint Nextel Corporation, Boost Worldwide, Inc. and Virgin Mobile USA, L.P. (collectively "Plaintiffs") filed a Motion for Preliminary Injunction.  Defendants Ezcom, Inc. d/b/a Tricom Communications and Michael Li Wu (collectively "Defendants") did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 27, 2012 is hereby vacated and the matter taken off calendar.  After considering the moving papers and the arguments therein, the Court rules as follows:

    Injunctive relief is "an extraordinary remedy that may only be issued upon a clear showing that plaintiff is entitled to such relief."  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public's interest. *Id.* at 374; *see also American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit recently confirmed that its "serious questions" approach survived *Winter*  when applied as part of the four-element *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  In other words, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

    Although Defendants did not file an Opposition, Plaintiffs have failed to carry their burden of

demonstrating that they are entitled to a preliminary injunction.  First, Plaintiffs' Motion for Preliminary Injunction is based upon a standard that has been overruled by the Supreme Court in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).  Indeed, Plaintiffs seek the issuance of a preliminary injunction based only on a "possibility" of irreparable harm rather than a likelihood of irreparable harm absent a preliminary injunction.  *See* Motion at pp. 8, 17-18.  Moreover, Sprint Nextel's evidence in support of its Motion for Preliminary Injunction is woefully insufficient to demonstrate a likelihood of success on the merits.  For example, Plaintiffs fail to present any evidence that Defendants are engaged in the "Bulk Handset Trafficking and Activation Scheme" as described in the Complaint.  *See, e.g.* Motion at p. 2 ("Upon information and belief, Defendants and/or their co-conspirators remove the Sprint Nextel Prepaid Phones' original packaging and accessories, copies of the written warranties and ownership manuals, and ship the Phones overseas, unlocked or to be unlocked for resale."); Declaration of Carmen Douglas at ¶ 13 (stating that Defendants shipped Sprint Nextel Phones to Sprint's investigator in Florida, but failing to state that the phones were unlocked or without their original packaging, written warranties, or ownership manuals).

      Accordingly, Plaintiffs' Motion for Preliminary Injunction is **DENIED.**


      IT IS SO ORDERED.