Matthew A. Lesnick (SBN 177594)
matt@lesnickprince.com
Andrew A. Cahill (SBN 233798)
acahill@lesnickprince.com
**LESNICK PRINCE LLP**
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: 310-396-0964
Facsimile: 310-396-0963

James B. Baldinger (Florida Bar No. 869899)
jbaldinger@carltonfields.com
David B. Esau (Florida Bar No. 650331)
desau@carltonfields.com
**CARLTON FIELDS, P.A.**
CityPlace Tower
525 Okeechobee Blvd, Suite 1200
West Palm Beach, FL 33401-6350
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368
*Attorneys for Plaintiffs*

**DENIED WITHOUT PREJUDICE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT NEXTEL CORPORATION, BOOST WORLDWIDE, INC., AND VIRGIN MOBILE USA, L.P., <br><br> Plaintiffs, <br> v. <br><br> EZCOM, INC. d/b/a TRICOM COMMUNICATIONS, and MICHAEL LI WU, <br><br> Defendants. | Case No.: 12-CV-0222-JFW (VBKx) <br><br> Judge:  Hon. Victor B. Kenton <br> Courtroom: 16 <br><br> Complaint Filed:  January 9, 2012 <br> Trial Date:  January 29, 2013 <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **CHANGES HAVE BEEN MADE TO THIS DOCUMENT** |

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation and agreement by and between the respective counsel for the Parties, which include Sprint Nextel Corporation, Boost Worldwide, Inc., and Virgin Mobile USA, L.P.

(collectively, "Sprint" or "Plaintiffs") and Defendants EZCOM, Inc. d/b/a Tricom Communications, and Michael Li Wu (together, "Defendants"), and for good cause shown,

IT IS HEREBY ORDERED that this Stipulated Protective Order shall control the disclosure, dissemination, and use of confidential information in the Lawsuit:

1. <u>Scope of Order</u>.  This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties in response to any discovery request in this action (including but not limited to documents, interrogatory answers, responses to requests to admit and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. <u>Designation of Confidential Discovery Material</u>.  A Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, including:

   a. Information and materials that a Party reasonably believes contain or refer to information that is not generally available to or accessible by the general public, that a Party believes contain or refer to confidential information of third parties, information protected by a statute, rule or regulation, trade secrets or other confidential business information, including but not limited to research, development, business, or financial information, or other confidential and/or proprietary analyses, company guidelines, policies and procedures, market analyses, business valuations, audit reports, commercial information, sales information, customer

  proprietary network information, customer lists and non-public agreements with third parties;

b.  all documents created in response to or as a part of governmental inquiries;

c.  all training policies, procedures, or documents related to security practices;

d.  Discovery Material reflecting or relating to financial data, including but not limited to documents concerning revenues, costs, and profits; and

e.  Discovery Material that, if disclosed to a business competitor, would tend to damage the Party's competitive position.

3.  <u>Method of Designating Material as CONFIDENTIAL</u>.

  a.  Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Discovery Material that is bound together need only be so designated on the first page. If the Discovery Material cannot be so labeled, it will be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

  b.  If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material. The Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by

stamping or requesting the stamping of the legend "CONFIDENTIAL" on the copies of such Discovery Material. All original or other non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

c.  Information conveyed or discussed in deposition testimony or a court proceeding may be designated CONFIDENTIAL by an indication on the record at the deposition or court proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or court proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. While the twenty-one (21) day period is pending, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

4.  <u>Material Designated FOR ATTORNEYS' EYES ONLY</u>.  A Party may designate Discovery Material that it deems highly confidential as being FOR ATTORNEYS' EYES ONLY, following the same procedure set forth in section 3 above. Designation of for attorneys' eyes only Discovery Material shall be made by stamping or writing the legend "FOR ATTORNEYS' EYES ONLY" on the document. Such designation on the first page of bound documents is sufficient to render all documents in the packet FOR ATTORNEYS EYES ONLY. Only the Parties' attorneys may review materials designated FOR ATTORNEYS' EYES ONLY. The attorneys may not share these documents or the information contained in these documents with the Parties or any third party.

5. <u>Failure to Designate Material as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY</u>.  The failure of a party to designate information or documents as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY."  The Parties understand and acknowledge that a Party's failure to designate information or documents as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" relieves the other party of any obligation of confidentiality until such a designation is made.  Promptly after any such subsequent designation, the receiving Party shall mark with the appropriate legend "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" any such subsequently designated documents, and all documents containing any such subsequently designated information will be thereafter appropriately treated in accordance with this Order.

6. <u>Use of Discovery Material, CONFIDENTIAL Discovery Material and FOR ATTORNEYS' EYES ONLY Discovery Material</u>.  All Discovery Material, including but not limited to CONFIDENTIAL Discovery Material and FOR ATTORNEYS' EYES ONLY Discovery Material, may be used solely for the purposes of this action and for no other purpose.  Any person found to have made an impermissible use of Discovery Material will be subject, without limitation, to civil and criminal penalties for contempt of court.

CONFIDENTIAL Discovery Material may be disclosed to the following persons:

   i. any court before which this action is pending (including this Court) and any court to which an appeal in this action may arise;

24475880.35

Stipulation for Entry of Protective Order

ii. the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

iii. in-house and outside counsel representing the Parties and their support personnel whose functions require access to such CONFIDENTIAL Discovery Material;

iv. any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

v. outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

vi. court reporters and other persons engaged in preparing transcripts of testimony or hearings for this Lawsuit;

vii. experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

viii. any other person who is so designated by order of any court before which this action is pending (including this Court), or by agreement of the producing party.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (iv), (vii), and (viii) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by

counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

FOR ATTORNEYS' EYES ONLY Discovery Material may be disclosed to the following persons:

    i. any court before which this action is pending (including this Court) and any court to which an appeal in this action may arise; and

    ii. in-house and outside counsel representing the Parties and their support personnel whose functions require access to such material.

7. <u>Use of CONFIDENTIAL Discovery Material at Deposition</u>.  Any Party may use CONFIDENTIAL Discovery Material pursuant to the terms of this Order as an exhibit in a deposition taken in this Lawsuit, subject to such exhibit being marked as CONFIDENTIAL.  If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.  Each deposition shall be treated as CONFIDENTIAL without need for designation until twenty-one (21) days after each Party has received a copy of the transcript, at which point a Party may designate portions of the transcript as "CONFIDENTIAL" Discovery Material.

8. <u>Use of FOR ATTORNEYS' EYES ONLY Discovery Material at Deposition</u>. A Party may use FOR ATTORNEYS' EYES ONLY Discovery Material pursuant to the terms of this Order as an exhibit in a deposition taken in this Lawsuit only when the deponent is an officer, director, or other employee of the Party that produced the FOR ATTORNEYS' EYES ONLY Discovery

Material, subject to such exhibit being marked FOR ATTORNEYS' EYES ONLY.  If deposition testimony concerning FOR ATTORNEYS' EYES ONLY Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.  Each deposition in which FOR ATTORNEYS' EYES ONLY Discovery Material are used shall be treated as FOR ATTORNEYS' EYES ONLY without need for designation until twenty-one (21) business days after the producing Party has received a copy of the transcript, at which point the producing Party may designate portions of the transcript as "FOR ATTORNEYS' EYES ONLY" Discovery Material.

9. <u>Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material or FOR ATTORNEYS' EYES ONLY Discovery Material</u>.  If a person in possession of CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material who is not the producing Party with respect to that Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material, he/she/it shall immediately give written notice to counsel for the producing Party identifying the CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material sought and the date and time production or other disclosure is required.  In no event should production or disclosure be made without written approval by counsel of the producing Party or by further order of the Court or another court of competent jurisdiction.

10. <u>Filing CONFIDENTIAL Discovery Material or FOR ATTORNEYS' EYES ONLY Discovery Material Under Seal</u>.  Whenever any document designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" or any

pleading containing CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY information is filed with the Court, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL - SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE." Materials presented as sealed documents pursuant to this Order shall be in a sealed envelope or other appropriately sealed container on which shall be endorsed the case caption, an indication of the nature of the contents of the sealed envelope or container, the filing date of this Order, and the identity of the Party filing the documents. The Clerk of Court is directed to maintain under seal all such CONFIDENTIAL and FOR ATTORNEYS' EYES ONLY Discovery Material.

11. <u>Challenges to Designation of Discovery Material as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY</u>."  A Party who receives Discovery Material designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" may challenge the designation at any time by motion to this Court. In the event a designation is challenged, the party who designated the document(s) or information as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" bears the burden of proof that such documents and/or information contain or consist of trade secrets, confidential proprietary business information or are otherwise subject to protection pursuant to applicable law. The Parties agree to maintain the confidentiality of any such CONFIDENTIAL and FOR ATTORNEYS' EYES ONLY Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

12. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u>  Nothing in this Order shall be deemed in any way to restrict the

use of documents or information which are lawfully obtained or publicly available to a Party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY." Accordingly,

a. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Order or obligation; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

b. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" to such persons as appear on the face of the document to be its author.

c. Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" by the Party producing such CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material.

13. <u>No Waiver of Objections</u>.  Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any

Discovery Material on the ground that it contains particularly sensitive information.

14. <u>No Waiver of Privilege</u>.

   a.  The terms of this Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

   b.  The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production.  Upon written request by the producing Party, the receiving Party shall:  (a) return the original and all copies of such inadvertently produced privileged documents; (b) shall not review, copy, or disseminate the privileged documents or information; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

15. <u>No Admission</u>.  Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either Party to a designation of "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" hereunder nor in relation to the merits of any claims or defenses raised in this Lawsuit.

16. <u>Court Retains Jurisdiction</u>.  The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

17. <u>Post-Action Treatment of CONFIDENTIAL Discovery Material and FOR ATTORNEYS' EYES ONLY Discovery Material</u>.  No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material shall return all such CONFIDENTIAL and FOR ATTORNEYS' EYES ONLY Discovery Material, including all copies, extracts, and summaries, to the producing Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL and FOR ATTORNEYS' EYES ONLY Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material.

18. <u>Continuing Effect of this Order.</u>  Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order.

19. <u>Modification of this Order</u>.

    a. Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material, including the use of such material in submissions to the Court. Nothing in this Order shall preclude the Parties from agreeing to amend or modify this Order by stipulation, or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing and

applies only to CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Materials that were produced by the signatories to such an agreement.

b. This Order may be amended without leave of the Court by agreement of outside counsel for the Parties in the form of a written stipulation filed with the Court.

20. <u>Entry and Enforcement of Order by the Court.</u>  The Parties submitted this Order for entry by the Court and agree to be bound by the terms upon receipt of written assent by the Parties, as if the Order had been entered on that date. The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY Discovery Material pursuant to this Order who discloses or uses the CONFIDENTIAL Discovery Material or FOR ATTORNEYS' EYES ONLY Discovery Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.  All persons to whom CONFIDENTIAL Discovery Material or FOR ATTORNEYS' EYES ONLY Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order.  This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material or FOR ATTORNEYS' EYES ONLY Discovery Material has been disclosed, both during and after the pendency of this case. **DENIED WITHOUT PREJUDICE. NO RULE 26 GOOD CAUSE DECLARATION OR STATEMENT.**

IT IS SO ORDERED.

Done and Ordered this _30TH_ day of ___AUGUST____, 2012.

/s/<br>Honorable Victor B. Kenton, USMJ

24475880.313

Stipulation for Entry of Protective Order