Matthew A. Lesnick (SBN 177594)
matt@lesnickprince.com
Andrew A. Cahill (SBN 233798)
acahill@lesnickprince.com
**LESNICK PRINCE LLP**
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: 310-396-0964
Facsimile: 310-396-0963

JS-6

James B. Baldinger (Florida Bar No. 869899)
jbaldinger@carltonfields.com
David B. Esau (Florida Bar No. 650331)
desau@carltonfields.com
**CARLTON FIELDS, P.A.**
CityPlace Tower
525 Okeechobee Blvd, Suite 1200
West Palm Beach, FL 33401-6350
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT NEXTEL CORPORATION, BOOST WORLDWIDE, INC., AND VIRGIN MOBILE USA, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> EZCOM, INC. d/b/a TRICOM COMMUNICATIONS, and MICHAEL LI WU, <br><br> Defendants. | Case No.: 12-CV-0222-JFW (VBKx) <br><br> Judge: Hon. John F. Walter <br> Courtroom: 16 <br><br> Complaint Filed: January 9, 2012 <br> Trial Date: January 29, 2013 <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS EZCOM, INC. D/B/A TRICOM COMMUNICATIONS  AND MICHAEL LI WU; DAMAGES AWARDED AGAINST DEFENDANT EZCOM, INC. D/B/A TRICOM COMMUNICATIONS** |

Sprint Nextel Corporation, Boost Worldwide, Inc., and Virgin Mobile USA, L.P. ("Sprint Nextel"), brought the above-captioned lawsuit against Defendants EZCOM, Inc. d/b/a Tricom Communications and Michael Li Wu ("Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of Sprint Nextel, Boost Mobile, and Virgin Mobile wireless telephones designed for use on Sprint affiliated wireless service (collectively, "Sprint Nextel Handsets" or "Handsets") and activation materials, including but not limited to SIM cards, that causes substantial and irreparable harm to Sprint Nextel (the "Bulk Handset Trafficking and Activation Scheme"). Defendants perpetrate the Bulk Handset Trafficking and Activation Scheme by acquiring bulk quantities of Sprint Nextel Handsets, which often include Sprint Nextel SIM cards, from retail stores, such as Best Buy, Wal-Mart or Target. Defendants solicit others to purchase Sprint Nextel Handsets and SIM cards in bulk for their benefit. Defendants acquire the Sprint Nextel Handsets with the actual or constructive knowledge and intent that the Handsets will not be activated for use on the Sprint Nextel wireless network, but that the Handsets will be computer-hacked. The purpose of this hacking, known as "unlocking," is to erase, remove, and/or disable proprietary software installed in the Handset, which enables the use of the Sprint Nextel Handsets exclusively on Sprint Nextel's wireless system. The unlocked Handsets are then trafficked and resold overseas at a premium under the Sprint Nextel trademarks for unauthorized use outside of Plaintiff's wireless system,

and the SIM cards that come with the handsets are illicitly sold and/or fraudulently activated to misappropriate airtime.

Sprint Nextel Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Sprint Nextel Handsets. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every Sprint Nextel Handset and are also available to the public on the Sprint Nextel websites. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Handsets. The Terms and Conditions and language on the packaging constitute a valid and binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of Sprint Nextel Handsets agree, among other things, not to resell Sprint Nextel products or services (including the Handsets), and not to use the Handsets for any purpose that could damage or adversely affect Sprint Nextel.

As a result of the Defendants' involvement in the Bulk Handset Trafficking and Activation Scheme, Sprint Nextel has asserted claims against Defendants for breach of contract, federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, false advertising in violation of California Business & Professions Code § 17500 *et seq*., unfair

competition in violation of California Business & Professions Code § 17200 *et seq.*, harm to Sprint Nextel's goodwill and business reputation, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint Nextel's Complaint.

2. The Court finds that Sprint Nextel has the right to use and enforce said rights in the standard character marks Sprint, Boost Mobile, payLo, Assurance, and Virgin Mobile, and the stylized Sprint and Boost Mobile Marks (collectively, the "Sprint Nextel Marks"), as depicted below:





Sprint Nextel uses the Sprint Nextel Marks on and in connection with its telecommunications products and services. The Sprint Nextel Marks are valid,

distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint Nextel and Boost Mobile.

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use Sprint Nextel Handsets in conjunction with service providers other than Sprint Nextel; (b) selling Sprint Nextel Handsets, and (c) tampering with or altering Sprint Nextel Handsets, SIM cards or the Handsets' software; and/or entering unauthorized activation codes in the Handsets for purposes of unlocking the Handsets or facilitating others in such acts, constitute independent breaches of contract for which Sprint Nextel is entitled to relief.

4. The Court finds that the conduct set forth in the Complaint constitutes violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct constitutes contributory trademark infringement, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, false advertising in violation of California Business & Professions Code § 17500 *et seq.*, unfair competition in violation of California Business & Professions Code § 17200 *et seq.*, harm to Sprint Nextel's goodwill and business reputation, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and has caused substantial and irreparable harm to Sprint Nextel, and

will continue to cause substantial and irreparable harm to Sprint Nextel unless enjoined.

5.  Sprint Nextel has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct.  On review and consideration of all relevant factors, Sprint Nextel is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6.  Final judgment is hereby entered only against Defendant EZCOM, Inc. d/b/a Tricom Communications and in favor of the Plaintiff Sprint Nextel, on all of the claims set forth in Sprint Nextel's Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7.  Defendants and all of their past and present officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for it or on its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who

receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Nextel Handsets or "Activation Materials," which consist of SIM cards, activation codes, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with a new activation;

    b.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Nextel mobile device or SIM card that Defendants know or should know bears any Sprint Nextel Marks or any marks likely to cause confusion with the Sprint Nextel Marks, or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint Nextel now or in the future, including but not limited to Sprint, Nextel, Boost Mobile, payLo, Assurance Wireless, and Virgin Mobile.  Specifically, Defendants are enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of Sprint Nextel Handsets and SIM cards currently offered for sale by Sprint Nextel or that may be offered for sale in the future, as listed and updated from time to time on

the following websites: http://www.sprint.com, http://www.boostmobile.com, http://www.virginmobileusa.com, http://www.assurancewirelss.com, and http://www.paylo.com, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

c. unlocking of any Sprint Nextel Handset;

d. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any Sprint Nextel Handset;

e. supplying Sprint Nextel Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants knows or should know are engaged in unlocking Sprint Nextel Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Nextel Handsets;

f. supplying Sprint Nextel Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation,

8

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

the buying and/or selling of locked or unlocked Sprint Nextel Handsets or SIM cards; and

    g.    knowingly using the Sprint Nextel Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint Nextel now or in the future, or that is likely to cause confusion with Sprint Nextel's Marks, without Sprint Nextel's prior written authorization.

8.    The purchase, sale or shipment of any Sprint Nextel Handsets or SIM cards without Sprint Nextel's prior written consent within and/or outside of the continental United States and/or the sale of Activation Materials is and shall be deemed a presumptive violation of this permanent injunction.

9.    The address of Defendants is 1060 N. Hacienda Blvd., La Puente, CA 91744.

10.    The address of Plaintiff Sprint Nextel is 6200 Sprint Pkwy, Overland Park, Kansas 66251.

11.    Defendants waive their right of appeal from the entry of this Final Judgment.

12.    The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Sprint Nextel in an amount of $5,000 for each Sprint Nextel Handset or item of Activation

Material that a Defendant is found to have purchased, sold or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint Nextel for its losses in the event Defendants violate the terms of this Order.

13. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 10th day of September, 2012.

_____
**HON. JOHN F. WALTER**
**UNITED STATES DISTRICT JUDGE**